UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5825-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1964, has a high school diploma and training in medical office support, and has worked as a cashier at Walmart. AR 42-43, 226. Plaintiff was last gainfully employed in 2013. AR 43.

In May 2014, Plaintiff applied for benefits, alleging disability as of February 4, 2013. AR 171-74. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 86-88, 94-100. After the ALJ conducted a hearing in May 2016 (AR 37-60), the ALJ issued a decision finding Plaintiff not disabled. AR 21-32.

The Appeals Council denied Plaintiff's request for review (AR 1-7), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. AR 756-65. A different ALJ held another hearing in February 2019 (AR 675-724), and subsequently issued a decision finding Plaintiff not disabled. AR 655-68.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity during the adjudicated period from her alleged onset date (February 4, 2013) through her date last insured (DLI) (September 30, 2018).

**Step two**: Through the DLI, Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, migraine headaches, small fiber neuropathy, obesity, and chronic pain syndrome.

**Step three**: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Through the DLI, Plaintiff could perform light work with additional limitations: she could not climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, crouch, and crawl. She needed to avoid concentrated exposure to vibration and hazards, and more than moderate noise. She required a sit/stand option (defined as the ability to change position after 30-60 minutes, for 3-5 minutes at a time, while remaining on task).

**Step four**: Through the DLI, Plaintiff could not perform her past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through her DLI, Plaintiff was not disabled during the adjudicated period.

AR 655-68.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

The Appeals Council found no reason to assume jurisdiction of the case, making the ALJ's decision the Commissioner's final decision. AR 623-36. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

# DISCUSSION

Plaintiff argues the ALJ erred in discounting her allegations, in failing to account for her migraine headaches in the RFC assessment, and in failing to identify jobs that exist in significant numbers at step five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Did Not Err in Discounting Plaintiff's Allegations

The ALJ summarized Plaintiff's allegations and provided several reasons to discount them: (1) Plaintiff's 2019 hearing testimony described limitations uncorroborated in and/or inconsistent with the treatment notes dating to the adjudicated period (which ended on September 30, 2018); (2) Plaintiff told her doctors that her pain was 3/10 with medication, yet told the ALJ that her pain was disabling and that medication was not very effective; (3) Plaintiff's course of treatment was cursory and infrequent, which undermines her allegations of disabling symptoms; and (4) Plaintiff's activities are inconsistent with her allegations of disabling social and concentration deficits. AR 661-64. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends that the ALJ erred in discounting her allegations, but fails to tether her arguments to any particular error in the ALJ's reasoning. Plaintiff states that the ALJ believed she had magnified her symptoms and offers her own justification of her perception of pain (Dkt. 10 at 5), these fail to grapple with the specific inconsistencies identified by the ALJ, namely Plaintiff's failure to report the fatigue to her providers that she described at the hearing; the lack of evidence supporting Plaintiff's use of an assistive device during the adjudicated period, in contradiction of her hearing testimony that she had been using a cane for the past three years;

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

Plaintiff's reports to providers of significant pain reduction (down to 3/10) with medication, in contradiction of her hearing testimony that her pain was still disabling even with medication; and Plaintiff's cursory and infrequent medical appointments, during which providers recommended that Plaintiff increase her exercise. AR 662-63. The ALJ also pointed to certain activities that she found inconsistent with Plaintiff's alleged limitations. AR 664. Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's reasoning, and the Court finds that the ALJ identified multiple inconsistencies that support her assessment of Plaintiff's allegations. *See, e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms); *Thomas*, 278 F.3d at 958-59 (ALJ appropriately considers inconsistencies or contradictions between a claimant's statements and her activities of daily living; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

Plaintiff also contends that the ALJ failed to address her allegations regarding migraine headaches, her medication side effects, and extent of her limitations as to posture and walking (Dkt. 10 at 5-6), but this argument overlooks the ALJ's discussion of those issues in the decision. *See* AR 663 (discussing Plaintiff's migraine allegations, as well as her cursory medication refill appointments without a request to change her regimen), 662 (addressing the evidence of Plaintiff's normal gait).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1    For all of these reasons, because the ALJ provided multiple legally sufficient reasons to discount Plaintiff's allegations that are not meaningfully or specifically challenged by Plaintiff, the Court affirms this part of the ALJ's decision.

### B. The ALJ Did Not Harmfully Err in Assessing Plaintiff's Migraines

The ALJ acknowledged that Plaintiff testified at the hearing that she experienced 3-4 migraine headaches per week, which last 5-6 hours each time. AR 661. The ALJ found that this testimony was not corroborated by the medical record, albeit in findings containing a scrivener's error:

> Concerning [Plaintiff's] migraine headaches, the medical evidence does [not] suggest that episodes were occurring three to four times weekly as alleged by the claimant. Rather, the treating neurologist diagnosed the condition as migraine with aura, without mention of intractable migraine, and without mention of status migrainosus ([AR 966]). As with the claimant's other pain complaints, she appears to have controlled her symptoms adequately with prescribed medications, given the infrequency of treatment, the conservative modalities, the 3 of 10 pain intensity reports, and the lack of request for any change to her treatment regimen ([AR 608-13, 1012, 1026, 1033, 1066]).

AR 663.

In challenging this reasoning, Plaintiff plucked out of context the sentence of the ALJ's decision containing the erroneous omission of the word "not." *See* Dkt. 10 at 8. The sentences that follow clarify the ALJ's intended meaning, however, which demonstrates that the scrivener's error is harmless. The ALJ's use of the transition word "rather" in the next sentence implies a contrast, and the following sentence further identifies evidence that undermines (rather than bolsters) Plaintiff's subjective allegations. AR 663. When read as a whole, the ALJ's migraine findings do not suggest that the ALJ credited Plaintiff's testimony regarding the frequency/duration of her migraines.

Moreover, Plaintiff has not pointed to any evidence contradicting the ALJ's interpretation of the migraine-related evidence, and the Court's review of the record does not reveal any. As noted by the ALJ, the medical record contains few references to Plaintiff's experiencing migraines during the adjudicated period and does not corroborate her testimony regarding the frequency/duration of her migraines. AR 663. The ALJ therefore reasonably found that Plaintiff's allegations are undermined by the "infrequent and conservative" treatment she sought for her migraines. *See Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015) (finding that an ALJ did not err in failing to include migraine-related limitations in the RFC assessment where "[t]here was no independent medical evidence establishing that [plaintiff] suffers from migraines three to four days a month, that she must rest when she gets them, and that they last for two to four hours, as she claimed"); *Bayliss*, 427 F.3d at 1217 (RFC properly includes "limitations for which there was record support").

### C. The ALJ Did Not Err at Step Five

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2). In this case, the ALJ found Plaintiff not disabled because she could have performed the representative occupations of electrical accessories assembler and office helper during the adjudicated period. AR 667. The vocational expert (VE) testified at the hearing that there are 20,000 electrical accessories assembler jobs in the national economy, and 37,000 office helper jobs. AR 717-18.

Plaintiff raises several challenges to the ALJ's step-five findings. First, Plaintiff contends that the ALJ failed to identify jobs that exist in significant numbers, when the numbers for each job are considered in isolation. Dkt. 10 at 6-7. But courts *aggregate* the total job numbers to

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

determine whether an ALJ has identified jobs that exist in significant numbers.  *See, e.g.*, *Gutierrez v. Comm'r of Social Sec. Admin.*, 740 F.3d 519, 521, 528-29 (9th Cir. 2014); *Barker v. Secretary of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989).  Plaintiff has failed to show that 57,000 national jobs is not a significant number.  *See Gutierrez*, 740 F.3d at 528-29 (finding 25,000 national jobs to be a significant number).

Next, Plaintiff argues that there are unresolved inconsistencies between the ALJ's RFC assessment and step-five findings.  Specifically, Plaintiff argues that the VE testified that she could not perform the step-five jobs if she required the sit/stand option defined in the RFC assessment. Dkt. 10 at 7.  This argument misstates the VE's testimony, however.  The VE testified that Plaintiff could not perform her past work if she required a sit/stand option, and the ALJ agreed with that testimony, finding at step four that Plaintiff could not perform her past work.  *See* AR 666, 717-18.  But the VE testified that the step-five jobs could accommodate the need for a sit/stand option, and that including a sit/stand option would not erode the job numbers. AR 717-19.  Plaintiff has therefore failed to demonstrate an inconsistency between the ALJ's RFC assessment and step-five findings in this regard.

Plaintiff goes on to argue that the step-five jobs would not accommodate her limitations as to sitting, standing, reclining, absenteeism, and off-task behavior (Dkt. 10 at 7), but the ALJ did not find any of those alleged limitations to be credible.  The ALJ was not required to account for properly discounted testimony when crafting the RFC assessment or posing hypotheticals to the VE, and thus Plaintiff has not shown error in this regard.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008); *Bayliss*, 427 F.3d at 1217-18 (rejecting plaintiff's argument that the ALJ had erroneously failed to account for all of her limitations in the VE

hypothetical because the VE hypothetical "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

Lastly, Plaintiff suggests that there is an inconsistency in the ALJ's finding that Plaintiff could not perform her past work as a cashier but could perform other jobs of a similar skill level and exertional demand. Dkt. 10 at 7. This argument fails to account for the VE's testimony: the VE testified that one of Plaintiff's past jobs would be eliminated due to her need for a sit/stand option, and that it would be "hit or miss" as to whether her other past job would still be available if she required a sit/stand option. AR 717-18. If the sit/stand option was not required, the VE testified that Plaintiff could have performed her past jobs. *See* AR 717. Thus, when the VE's testimony is read in its entirety, there is no inconsistency between the ALJ's finding that Plaintiff could not perform her past work, but could perform other jobs of a similar skill level and exertional demand because those jobs could accommodate a sit/stand option. Accordingly, Plaintiff has failed to establish error in this aspect of the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge